UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSEPH T.M., | Case No. 26-CV-0309 (PJS/EMB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; THE DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; SAMUEL OLSON, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; JOEL BROTT, Sheriff of Sherburne County, | |
| Respondents. | |

---

Carrie Huxford Peltier, PELTIER LAW PLLC, for petitioner.

Ana H. Voss and Trevor Brown, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Joel Brott.

This matter is before the Court on petitioner Joseph T.M.'s petition for a writ of habeas corpus.[1]  Joseph, a citizen of Venezuela, entered the United States without

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

inspection on August 9, 2023, when he was 15 years old.  V. Pet. ¶¶ 34–35.  On December 29, 2023, Joseph's father filed a Form I-589 (Application for Asylum) in which Joseph was a derivative applicant.  V. Pet. ¶ 39.  On December 27, 2025, Joseph was in the car with his father when Immigration and Customs Enforcement ("ICE") pulled the vehicle over and detained them both.  V. Pet. ¶ 40.

Respondents take the position that Joseph is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Joseph filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are unlawfully living in the United States.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from *Santos M.C.* and instead argue that *Santos M.C.* was wrongly decided. Respondents' argument has some force, but the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Joseph, who entered without inspection and are already present and living in the United States.[2]

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). In light of the lack of any evidence that ICE had a warrant when it detained Joseph while he was a passenger in his father's car, the Court will grant Joseph's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

---

[2] The Court notes that respondents' arguments to the contrary are preserved for appeal. *See generally* ECF No. 5.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 22, 2026                     /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court